USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 6/26/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PERRY LOPEZ,

        Plaintiff,

v.

NEW YORK CITY DEPARTMENT OF
EDUCATION, JENNIFER ADE, *Principal
PS 46*, and NITZA BELLAMY, *Asst.
Principal PS 46*,

        Defendants.

17-CV-9205 (RA)

OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

Perry Lopez, proceeding *pro se*, brings this action against his employer, the New York City Department of Education ("DOE"), and P.S. 46 school officials Jennifer Alexander-Adé (sued as Jennifer Ade) and Nitza Gonzalez (sued as Nitza Bellamy), for age-based discrimination and retaliation. Defendants now move to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. For the following reasons, the Court grants Defendants' motion. In light of Plaintiff's *pro se* status, however, he is granted leave to file an amended complaint against Defendant DOE.

## BACKGROUND

### I. Factual History

The following facts are drawn from Lopez's complaint and his 2017 EEOC charge attached to his complaint, and are regarded as true for purposes of this motion. *See Roth v. Jennings*, 489 F.3d 499, 509, 510 (2d Cir. 2007).

Plaintiff is a special-education teacher employed at New York P.S. 46 in the Bronx, New

York. *See* Compl. at 3, 5. Plaintiff has been employed by DOE since 1994, and has worked at P.S. 46 since September 2005. *See id.* at 5, 8. Plaintiff was 57 years-old at the time that his complaint was filed. *See id.* at 5.

According to Plaintiff, he failed to receive certain career advancements as a result of age discrimination, he was subjected to harassment and a hostile work environment, and school officials targeted him with disciplinary charges in an attempt to terminate his employment. *See id.* at 5, 9. In addition to this discriminatory treatment, Plaintiff alleges that he has been retaliated against both for his activities as a "whistle-blower about unsafe school conditions" and for an EEOC complaint he filed in 2006 for age discrimination. *Id.* at 5, 9.

In particular, Plaintiff claims that four individuals, "Ms. Ade (Principal); Ms. Perez (Para); Ms. Harris ([illegible] teacher); [and] Ms. Bellamy ([A]sst[.] Principal)," are responsible for his discriminatory treatment. *Id.* at 9.[1] Plaintiff asserts that he has "been targeted by these 4 individuals to lose my license and pension with false accusations and by retaliation." *Id.* at 9. Plaintiff also identifies an ESL teacher under 40 years of age at the school, Cleo Cabral, who allegedly received better treatment than himself, which consisted of "certain career advancements that he did not receive." *See* Pl.'s Opp. at 4; Compl. at 9. Plaintiff identifies two witnesses—a testing coordinator and a union representative at P.S. 46—who he claims can testify to his alleged discriminatory treatment. *See* Compl. at 11.

Plaintiff also contends that, in July 2017, his age-based discrimination culminated in the initiation of "false disciplinary charges" against him under New York Education Law § 3020-a. *Id.* at 5, 9. Although Plaintiff asserts that he was "exonerated of most of the charges," the 3020-a hearing officer apparently imposed a fifteen-day suspension without pay. *Id.* at 5. Plaintiff filed

---

[1] Only two of these individuals (Ms. Alexander-Adé and Ms. Gonzalez) appear as named defendants in his complaint.

2

an appeal in state court challenging the 3020-a hearing officer's disciplinary determination, which remains pending. *See id.* at 5.

On August 17, 2017, Plaintiff filed an EEOC complaint against Defendants, alleging, *inter alia*, age discrimination and retaliation in response to his EEOC complaint filed in 2006. *See id.* at 5, 8–11. The EEOC dismissed his complaint with a right-to-sue letter on August 24, 2017. *See id.* at 12.

## II.     Procedural History

On November 22, 2017, Plaintiff filed the instant complaint, alleging that Defendants discriminated against him in violation of the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. §§ 621-34; New York State Human Rights Law, N.Y. Exec. Law §§ 290-97; and New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101-131.[2] By way of remedy, Plaintiff seeks "compensatory damages for age discrimination and retaliation based on emotional distress, the 15 day suspension without pay, [and] legal and medical expenses." *Id.* at 6.

On February 2, 2018, Defendants moved to dismiss Plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkts. 8, 9. Plaintiff responded, *see* Dkt. 16, and Defendants replied, *see* Dkt. 20.

### LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[2] With respect to his claims under New York State Human Rights Law and New York City Human Rights Law, Plaintiff also alleges, without further explanation, sex and gender discrimination, stating only that he had "[f]emale [s]upervisors [for] 12 years." Compl. at 4.

3

"In the case of a pro se litigant, the court reads the pleadings leniently and construes them to raise 'the strongest arguments that they suggest.' This guidance applies with particular force when the plaintiff's civil rights are at issue." *Dawkins v. Gonyea*, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (quoting *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999)).

In discrimination cases, at the pleadings stage "a plaintiff must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "While 'detailed factual allegations' are not required, 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## ANALYSIS

### I. Plaintiff's Age-Discrimination Claim Under the ADEA

Plaintiff alleges that Defendants discriminated against him in violation of the ADEA by (1) denying him certain career advancements due to his age and (2) bringing disciplinary charges against him and not his younger colleagues. *See* Compl. at 5, 9; Pl.'s Opp. at 3-4.

The ADEA makes it illegal for employers to discriminate against employees over the age of forty. *See* 29 U.S.C. §§ 621-634. "To make out a *prima facie* case of age discrimination, a plaintiff must demonstrate membership in a protected class, qualification for the position, an adverse employment action, and circumstances supporting an inference of age discrimination." *Munoz–Nagel v. Guess, Inc.*, No. 12–CV–1312 (ER), 2013 WL 6068597, at *1 (S.D.N.Y. Nov. 15, 2013). That said, a "[p]laintiff need not make out a *prima facie* case at the pleading stage, and may withstand a motion to dismiss by providing a short and plain statement of the claim that shows that [ ]he is entitled to relief and that gives [the defendant] fair notice of the age

discrimination claim and the grounds upon which it rests." *Id.* at *1; *see also Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) (stating that a plaintiff must plead facts giving "plausible support to a minimal inference of discriminatory motivation").

As an initial matter, Plaintiff cannot succeed on his claims against the individual defendants because the ADEA does not "subject[ ] individuals, even those with supervisory authority over the plaintiff, to personal liability." *Guerra v. Jones*, 421 F. App'x 15, 17 (2d Cir. 2011) (summary order); *see also Williams v. New York City Dep't of Educ.*, No. 17-CV-1996 (AJN), 2018 WL 4735713, at *4 (S.D.N.Y. Sept. 29, 2018) (noting that courts in this Circuit have "consistently found that the ADEA, like Title VII, does not impose liability on individual defendants"). Accordingly, Plaintiff's ADEA claims against Jennifer Alexander-Adé and Nitza Gonzalez are dismissed with prejudice.

This leaves Plaintiff's claims against the DOE. "A showing of disparate treatment—that is, a showing that the employer treated plaintiff 'less favorably than a similarly situated employee outside his protected group'—is a recognized method of raising an inference of discrimination for purposes of making out a *prima facie* case." *Mandell v. Cty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000)). In order to succeed on such a claim, a plaintiff 'must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself.'" *Id.* (quoting *Mandell*, 316 F.3d at 379). "An inference of discrimination can [also] arise from circumstances including, but not limited to, 'the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge.'" *Littlejohn*, 795 F.3d at 312 (quoting *Leibowitz v. Cornell*

*Univ.*, 584 F.3d 487, 502 (2d Cir. 2009)).

To support his claim of disparate treatment against the DOE, Plaintiff identifies a younger colleague, Cleo Cabral, and asserts that this individual was treated better than himself and given certain career advancements, based on Cabral's age, that he did not receive. *See* Compl. at 9 (stating that Cabral received a "[j]ob advance[] [f]or [t]eachers under 40 years of ag[e]"). However, Lopez fails to provide any specifics that indicate how he and Cabral were similarly situated. *See, e.g., Marcus v. Leviton Mfg. Co., Inc.*, 661 F. App'x 29, 33 (2d Cir. 2016) (summary order) ("Without any information as to whether these employees were [] similarly situated or the specifics of their conduct, the mere allegation that two other employees—one younger and one similar in age—used profanity without being fired does not give rise to even a minimal inference of age discrimination."); *Pierre v. Napolitano*, 958 F. Supp. 2d 461, 479 (S.D.N.Y. 2013) (rejecting a plaintiff's age-discrimination claim where Plaintiff provided "exceedingly sparse" information about his putative comparators). The complaint also lacks any detail regarding what sort of advancements were given to Cabral and denied to Plaintiff. *See Cartella v. Liriano*, 633 F. Supp. 2d 54, 71 (S.D.N.Y. 2009) (rejecting a plaintiff's claim for age-discrimination where he failed to present any "evidence as to whether other employees not in Plaintiff's protected classes were similarly situated in all material respects to Plaintiff at the time of the [job] assignment," and whether such similarly situated employees received different job assignments.).

Plaintiff further alleges that the institution of 3020-a proceedings and his subsequent fifteen-day suspension establish an inference of discrimination against him on the part of the DOE. This claim also fails. Although Plaintiff alleged in his complaint that that he was "exonerated of most of the charges" in the 3020-a hearing, Compl. at 5, he does not identify any

facts that could give rise to even a minimal inference of discriminatory motive on the school's part. *See, e.g., Vlad-Breindan v. MTA New York City Transit*, No. 14-cv-675 (RJS), 2014 WL 6982929, at *10 (S.D.N.Y. Dec. 10, 2014) (rejecting plaintiff's age-discrimination claim where she did "not allege any facts in support of her conclusory statement that" she suffered an adverse employment action because she was over forty years old).

For these reasons, Plaintiff has failed to state a claim of age discrimination against the DOE.

## II. Plaintiff's Hostile Work Environment Claim Under the ADEA

Plaintiff further claims that Defendants "harassed [him] or created a hostile work environment" in violation of the ADEA. Compl. at 5.

"A hostile work environment claim is distinct from a disparate treatment claim, and requires a showing that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *George v. Prof'l Disposables Int'l, Inc.*, 15-CV-03385 (RA)(BCM), 2016 WL 3648371, at *6 (S.D.N.Y. June 1, 2016) (quoting *Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir. 2006)). An inquiry into whether a work environment is hostile under the ADEA requires an assessment based on the "totality of the circumstances." *Trachtenberg v. Dep't of Educ. of City of New York*, 937 F. Supp. 2d 460, 472 (S.D.N.Y. 2013) (internal quotation marks omitted). "To prevail on a hostile work environment claim under ... the ADEA, a plaintiff must make two showings: (1) that the harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment and (2) that there is a specific basis for imputing the conduct creating the hostile work environment to the employer." *Russell v. New York Univ.*, 739 F.

7

App'x 28, 30 (2d Cir. 2018) (summary order) (internal quotation marks omitted).

In this case, Plaintiff has failed to raise any facts giving rise to a plausible inference of workplace hostility. Beyond checking off this adverse employment action in his complaint, Plaintiff provides nothing suggesting that he faced harassment on account of his age. Specifically, Plaintiff does not cite a single instance where defendants made discriminatory, threatening, or humiliating remarks to him. *See, e.g., Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 241 (2d Cir. 2007) (To sufficiently plead a hostile workplace claim, a plaintiff must at least provide sufficient incidences of discriminatory comments, insults, or actions to give an employee "fair notice of the factual grounds supporting a[] [] claim that [he] was subjected to a hostile work environment.").

The Court therefore grants Defendants' motion to dismiss Plaintiff's hostile work environment claim.

### III. Plaintiff's Retaliation Claim Under the ADEA

Plaintiff further alleges that the DOE violated the ADEA because it brought the 3020-a charges against him for filing a 2006 complaint with the EEOC. *See* Compl. at 5; Pl.'s Opp. at 5.

In order to make out a case of retaliation under the ADEA, a plaintiff must prove: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) adverse employment action; and (4) a causal connection between plaintiff's protected activity and the adverse employment action." *Triola v. Snow*, 289 F. App'x 414, 416 (2d Cir. 2008) (quoting *Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 113 (2d Cir. 2000)).

Here, Plaintiff has not plausibly alleged any causal connection between the filing of his EEOC complaint in 2006 and the institution of the 3020-a charges against him in 2017. Indeed, over ten years passed between the protected activity and the alleged retaliatory action at issue.

8

Although the Second Circuit has "not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship between a protected activity and an allegedly retaliatory action, courts in this circuit have typically measured that gap as a matter of months, not years." *Bucalo v. Shelter Island Union Free School Dist.*, 691 F.3d 119, 131 (2d Cir. 2012) (internal quotation marks omitted); *see also Donlon v. Grp. Health, Inc.*, No. 00 Civ. 2190 (MBM), 2001 WL 111220, at *3 (S.D.N.Y. Feb. 8, 2001) (eight and one-half month gap was insufficient, by itself, to imply causation); *Randall v. Potter*, No. 01 Civ. 2097 (THK), 2004 WL 439491, at *7 (S.D.N.Y. Mar. 9, 2004) (refusing to find a causal connection where there was at least an eight to ten month lapse in time from the protected activity—the filing of an EEO complaint—and the alleged adverse action). Plaintiff, moreover, fails to provide any explanation for this decade-long gap.

The Court thus grants Defendants' motion to dismiss Plaintiff's claim that he was retaliated against in violation of the ADEA.

### IV.   Plaintiff's State and Local Law Claims

Finally, Plaintiff contends that Defendants subjected him to age-discrimination in violation of certain provisions of New York State Human Rights Law and New York City Human Rights Law. Generally speaking, courts decline to exercise supplemental jurisdiction over state-law claims once all federal claims in a case are dismissed. *See Anegada Master Fund, Ltd. v. PXRE Grp. Ltd.*, 680 F. Supp. 2d 616, 624-25 (S.D.N.Y. 2010). Because all of Plaintiff's federal claims have been dismissed in this case, the Court therefore declines jurisdiction over his state-law claims. The Court does so without prejudice.

### V.   Leave to Amend

In Plaintiff's opposition to Defendants' motion, he requests "leave to file an amended

complaint." Pl.'s Opp. at 1. "Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (internal quotation marks omitted); *see also Chavis v. Chappius,* 618 F.3d 162, 170 (2d Cir. 2010) ("A *pro se* complaint 'should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'") (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). Lopez is thus granted leave to amend the complaint to correct the deficiencies noted in this opinion, so long as such amendments are made in good faith.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Complaint is granted with prejudice with respect to the individual defendants, Jennifer Alexander-Adé and Nitza Gonzalez, and without prejudice with respect to the DOE. Plaintiff shall file his first amended complaint no later than July 29, 2019. If Plaintiff fails do so by that time, this case will be dismissed in its entirety for failure to prosecute under Federal Rule of Civil Procedure 41.

SO ORDERED.

Dated: June 26, 2019
New York, New York

Ronnie Abrams
United States District Judge

10