UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PERRY LOPEZ,

    Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION, et al.,

    Defendants.

17-CV-09205 (RA) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By Order dated February 24, 2023 (2/24/23 Order) (Dkt. 79), the Court granted defendants' unopposed request to adjourn the parties' in-person settlement conference from March 1 to April 27, 2023, and directed plaintiff Lopez to update his settlement letter, as follows:

> Plaintiff is reminded that the proceeding now rescheduled for April 27, 2023, is a settlement conference, not a trial, and will take place over a span of hours, not days. As difficult as it may be to "boil down" his surviving claims for discussion at the conference, that is precisely what he must do to comply with this Court's Order and make efficient use of the opportunity. ***Thus, when plaintiff submits his updated settlement letter, on or before April 20, 2023, it must be limited to six pages (in 12-point font) and may attach a maximum of 20 pages of exhibits***.
>
> Plaintiff is further reminded that his updated settlement ***letter must include a brief description of the parties' settlement negotiations to date, including the date and time of their last good-faith settlement discussion and the terms of each party's most recent demand or offe***r.

2/24/23 Order, at 2 (emphasis added).

As of today (one day before the rescheduled conference), the Court has not received any updated settlement letter from the plaintiff. Moreover, although the Department of Education has submitted a timely settlement letter, there is no indication in that letter – or anywhere else in the record of this case – that the parties conducted "at least one good-faith settlement discussion, in person or by telephone," as required by the Court's Order Scheduling Settlement Conference, dated January 31, 2023 (1/31/23 Order) (Dkt. 72), and no indication that either party conveyed to each

opposing party "at least one good-faith settlement demand or offer" since this conference was scheduled, as is also required. *See* 1/31/23 Order ¶ 2.

These requirements, which are binding on both sides, are designed to ensure that the upcoming Court-facilitated settlement conference – which requires a significant investment of time and effort by the parties, their counsel, and the undersigned Magistrate Judge – is not a waste of that time and effort. Consequently, it is hereby ORDERED that:

1. Defendants' counsel shall *promptly* serve a copy of this Order on the pro se plaintiff by email at his last known email address, and shall follow up with a telephone call tomorrow morning.

2. The parties *shall* conduct a good-faith settlement discussion, in person or by telephone, and exchanged at least one good-faith demand and offer, *before* the Court-facilitated settlement conference begins. If by that 2:15 p.m. time (when the conference is scheduled to begin) they have not yet complied with these requirements, the Court will make a room available for that purpose.

3. Plaintiff is reminded that the overlength settlement letter (rendered in 9-point type) that he submitted in February of this year (together with multiple "artifacts") did not comply with the 1/31/23 Order, and that the Court is under no obligation to attempt to read it.

Dated: New York, New York
      April 26, 2023                         **SO ORDERED**.

                                                           **BARBARA MOSES**
                                                           **United States Magistrate Judge**