

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**TRACI KRASNE**
Labor and Employment Law Division
Phone: (212) 356-2451
Email: trkrasne@law.nyc.gov

May 18, 2023

**BY ECF**
Honorable Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, New York 10007

      Re:  Perry Lopez v. New York City Department of Education, et al.
           No. 17-CV-9205 (RA) (BCM)

Dear Judge Abrams:

      I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for Defendants New York City Department of Education ("DOE"), Jennifer Ade, Principal of P.S. 46, and Nitza Bellamy, Assistant Principal of P.S. 46 in this matter.[1] On April 27, 2023, the parties attended a settlement conference with Magistrate Judge Moses. On May 4, 2023, Judge Moses issued an order sanctioning the Law Department and the New York City Department of Education in connection with their participation in the settlement conference. See ECF Dkt. No. 85. Defendants now seek to file Rule 72 Objections to this Order under seal. This request is necessary because Defendants are including declarations from the individuals who attended the conference which will contain confidential statements made during the conference. In addition, in support of their Rule 72 Objections, Defendants are also submitting privileged declaration(s) as attorney work product and documents protected by the deliberative process privilege from Law Department manager(s) explaining how our office undertakes to determine whether to settle cases and, if so, how it arrives at deciding the amount to request authority from the City Office of the Comptroller pursuant to New York City Charter § 93(i). Defendants are also annexing a copy of the transcript of the April 27, 2023 conference. Finally, Defendants' memorandum of law in support of their Rule 72

---

[1] Individually named defendants Jennifer Ade and Nitza Bellamy were dismissed from this case. See ECF Dkt. No. 73, at 3:9-10.

Objections refers to confidential portions of the settlement conference and to confidential or privileged documents relied upon in support of Defendants' objections.

To determine whether documents can be filed under seal, the Court first considers the weight of the presumption of public access to the documents and then it must balance the competing interests against it. See United States v. Amodeo, 71 F.3d 1044, 1048, 1050 (2d Cir. 1995). Generally, documents "relevant to the performance of the judicial function and useful in the judicial process" are subject to the right of public access. See Lugosch v. Pyramid Co., 435 F.3d 110, 119 (2d Cir. 2006) (internal citations and quotations omitted). But "where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." Id. at 121 (internal citations and quotations omitted). When weighing any countervailing interests against public access, the Court considers "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." Id. at 120 (internal citations and quotations omitted). Documents may be sealed if "closure is essential to preserve higher values and is narrowly tailored to serve that interest." Id. at 120 (internal citations and quotations omitted).

Here, Defendants are filing FRCP Rule 72 Objections to Judge Moses' sanctions order. To support the objections, Defendants submit declarations from myself, the attorney representing the Defendants, who was present at the April 27th settlement conference and from Donna Silverglad, the representative from the Department of Education who was also present at the April 27th settlement conference. The declarations include our recollection of what happened during the conference and include confidential statements made during the private caucuses with Judge Moses. Defendants also submit a declaration from Eric Eichenholtz, Managing Attorney of the New York City Law Department, explaining how our office undertakes to determine whether to settle cases and, if so, how it arrives at deciding the amount to request authority from the City Office of the Comptroller pursuant to New York City Charter § 93(i). These documents are not evidentiary and are not material to the outcome of this matter. See, e.g., United States v. Amodeo, 71 F.3d 1044, 1049 (1995) (internal quotations and citations omitted). Therefore, the weight of the presumption of public access is low. And closure is essential to preserve the confidentiality of the settlement conference. This is precisely the sort of instance where filing documents under seal is appropriate. See Under Seal v. Under Seal, 273 F. Supp. 3d 460, 467-68 (S.D.N.Y. 2017) ("A party may overcome the presumption of access by demonstrating that sealing will further other substantial interests such as a third party's personal privacy interests, the public's safety, or preservation of [deliberative process] privilege.") (citing United States v. Aref, 533 F.3d 72, 83 (2d Cir. 2008).

       In light of the foregoing, Defendants respectfully request that the Court grant their request to file their Rule 72 Objections under seal.  Defendants have met and conferred by email with Plaintiff concerning this request to seal.  I notified Plaintiff by email of Defendants' intention to seek leave to file objections to the sanctions order under seal given Defendants' reliance on confidential and privileged documents to support those objections.  I have not heard back from Plaintiff.  Moreover, unlike a dispute between parties on matters such as discovery, narrowing the scope of Defendants' request would not be feasible.

       Defendants thank the Court for its consideration of this matter.

       Respectfully submitted,

       */s/ Traci Krasne*
       Traci Krasne
       Assistant Corporation Counsel

cc:    Perry Lopez (By First Class Mail and Email)
       Plaintiff Pro Se
       22 Angus Court
       Jackson, New Jersey 08527
       (718) 514-4852
       perrylopez@yahoo.com

---

The motion to seal the Memorandum of Law and supporting documents in full is denied.  Defendants may propose redactions to these documents and justify the need for such redactions, consistent with *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-21 (2d Cir. 2006).  Defendants shall also ensure that the redacted documents are made available to and properly served on Plaintiff, such that he may have an opportunity to respond.

SO ORDERED.

_____
Hon. Ronnie Abrams
May 24, 2023