USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/04/25__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PERRY LOPEZ,

           Plaintiff,

    -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

           Defendant.

17-CV-9205 (LTS) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court has reviewed plaintiff's unopposed letter-application dated December 2, 2025 (Dkt. 127), requesting an additional extension of his deadline to make his expert disclosures to **December 18, 2025**. The Court GRANTS plaintiff's application. No further extension of this deadline will be granted absent compelling circumstances. The Court reminds plaintiff that he is required to make his expert disclosures in compliance with Rule 26(a)(2)(B) or 26(a)(2)(C) of the Federal Rules of Civil Procedure, as applicable. A courtesy copy of these rules is attached to this Order.

Dated: New York, New York
      December 4, 2025

                                  **SO ORDERED**.

                                _____

                                **BARBARA MOSES**
                                **United States Magistrate Judge**

**Rule 26. Duty to Disclose; General Provisions Governing Discovery**

. . .

**(a) Required Disclosures.**

. . .

**(2)** *Disclosure of Expert Testimony.*

**(A)** *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

**(B)** *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

**(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;

**(ii)** the facts or data considered by the witness in forming them;

**(iii)** any exhibits that will be used to summarize or support them;

**(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;

**(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

**(vi)** a statement of the compensation to be paid for the study and testimony in the case.

**(C)** *Witnesses Who Do Not Provide a Written Report*. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

**(i)** the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

**(ii)** a summary of the facts and opinions to which the witness is expected to testify.

**(D)** *Time to Disclose Expert Testimony*. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

**(i)** at least 90 days before the date set for trial or for the case to be ready for trial; or

**(ii)** if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

**(E)** *Supplementing the Disclosure*. The parties must supplement these disclosures when required under Rule 26(e).

All text has been copied from Thomas Reuters Westlaw Precision (current through April 1, 2025).